UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bobby Lanham,

    Plaintiff,

    v.                                                             Case No. 1:17cv775

Commissioner of Social Security                    Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's January 28, 2019, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be reversed and remanded to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for payment of benefits consistent with the Social Security Act; and the case be terminated on the docket of this Court.  (Doc. 22).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  The Commissioner filed objections to the Magistrate Judge's R&R.  (Doc. 23).

The Magistrate Judge completed a comprehensive review of the record and the

same will not be repeated here except to the extent necessary to address the objections of the Commissioner.

Plaintiff's claim is here after this Court reversed and remanded the Commissioner's initial decision to deny DIB under sentence four of 42 U.S.C. § 405(g). *See Lanham v. Commissioner of Social Security*, Case No. 1:15cv50 (S.D. Ohio Jan. 26, 2015). The ALJ was directed to conduct further factfinding, give Plaintiff the opportunity to provide additional evidence, and consider "the episodic nature of plaintiff s Meniere's disease and vertigo." (Case No. 1:15cv50, Doc. 18; Tr. 405). After a hearing, ALJ Robert Flynn issued a decision finding Plaintiff is not disabled. (Tr. 325).

The Magistrate Judge concluded that the ALJ did not weigh the opinion of Plaintiff's treating physician, Dr. Jennifer Lager, D.O., in accordance with 20 C.F.R. § 404.1527 and SSR 96-2p.[1] Specifically, the Magistrate Judge found that the ALJ erred by failing to evaluate Dr. Lager's May 2013 opinion for controlling weight; and for failing to provide "good reasons" for giving the opinion only "some weight."

The Commissioner objects to this conclusion and argues that the ALJ properly evaluated Dr. Lager's opinion. The Commissioner does not dispute that Plaintiff suffers from Meniere's disease, and that the disease is episodic in nature. The Commissioner explains the dispute in this case centers on the frequency and severity of the episodes.

The Commissioner points to gaps in Plaintiff's treatment as support for the ALJ's opinion that Plaintiff's symptoms and Meniere's-related limitations were not as severe or

---

[1]As the Magistrate Judge explained, SSR 96-2p was rescinded effective March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, 20 17 WL 168819, at *5844-45, 5869, 5880. However, Plaintiff's because claim was filed in 2013, SSR 96-2p still applies to his case.

as frequent as Dr. Lager opined. The Commissioner explains that Plaintiff saw Dr. Lager at HealthSource in August of 2013, but did not see any doctors until he saw a new physician at HealthSource, Dr. Fiza Warsi, in August of 2015. However, the record shows that during this period of time Plaintiff was seen at HealthSource by Lindsay Lovell, ANP-BC on November 17, 2014 (Tr. 557); and was seen by Dr. Warsi on July 27, 2015 (Tr. 559-564) before he saw Dr. Warsi again on August 27, 2015 (Tr. 568). Therefore, the Court finds that the ALJ's statement that Plaintiff "did not consistently seek treatment for his condition" (Tr. 322) is contradicted by the record itself.[2]

The Commissioner also points to a medical record dated October 6, 2016, in which Plaintiff reported to Sarah Kuhnell, FNP-BC at HealthSource of Ohio:

> 2. minears [*sic*] disease
>
> The symptoms are reported as being mild. The symptoms occur randomly. He is to follow up on meniere's disease, he wants a statement for social security, patient has been given this in the past by Dr. Lauger, he was advised that we do not do this anymore. Right ear is affected. Pt. has been out of the meclizine but reports it controls his symptoms well.

(Tr. 569). The ALJ referred to this record in his written opinion for support of his statement that the frequency and intensity of Plaintiff's symptoms are not supported by the record as a whole:

> Indeed, Dr. Lager reported four episodes per month (Exhibit 8F), and both older and more recent treatment records describe the claimant's symptoms as mild (Exhibit 9F, p. 23).[3]

---

[2]Furthermore, in remanding this case, this Court ruled that given the episodic nature of Meniere's disease, a plaintiff need not seek treatment for every attack for an ALJ to credit a treating physician's opinion concerning the frequency of attacks. (Tr. 404) (citing *Clark v. Barhhart*, 64 F. App'x 688, 691-92 (10th Cir. 2003).

[3]Page 23 of Exhibit 9F is located at Tr. 559 in the Certified Administrative Record.

3

(Tr. 322). Later in the written opinion, the ALJ states:

> New evidence has been received at the hearing level since the time of Dr. Lager's assessment and some of this later evidence shows that the episodic nature of the claimant's symptoms was not as frequent or severe as Dr. Lager has described during the time period under consideration.

(Tr. 323). However, the ALJ does not identify the "new evidence." Even if the "new evidence" is the single medical record dated October 6, 2016 where Plaintiff reported on that day that his symptoms were "mild," such a report would be consistent with Miniere's disease. As the Social Security Listings explain: "Meniere's disease is characterized by paroxysmal attacks of vertigo, tinnitus, and fluctuating hearing loss. Remissions are unpredictable and irregular, but may be longstanding; hence, the severity of the impairment is best determined after prolonged observation and serial reexamination." Listing 2.00B(2), 20 C.F.R. Part 404, Subpart P, Appendix 1. Therefore, the Court finds no error in the Magistrate Judge's conclusion that "the ALJ's decision to give Dr. Lager's May 2013 opinion less than controlling weight is not substantially supported by the record viewed as a whole." (Doc, 22, PAGEID# 721). *Accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (concluding that "the ALJ's focus on isolated pieces of the record is an insufficient basis for giving [treating physician's] opinions little weight under 20 C.F.R. § 404.1527(c).").

Moreover, as the Magistrate Judge explained, during the July 27, 2015 visit with Dr. Warsi, Plaintiff explained to Dr. Warsi:

> that he "is very unsteady on his feet," he had "fallen several times," and he had "not been able to eat because of the nausea." (Tr. 559). He reported an ENT had previously prescribed Antivert, which "worked briefly." (Id.). Plaintiff's current medications included Meclizine. (Tr. 561). In August 2015, plaintiff reported he "is dizzy still and falls a lot" and there "hasn't been much change since last visit." (Tr. 565).

4

(Doc. 22, PAGEID# 723). The Court finds no error in the Magistrate Judge's conclusion that it was not proper for the ALJ to ignore these reports. (Doc. 22, PAGEID# 724). *Accord Spencer v. Astrue*, No. 3:10CV00365, 2012 WL 404896, at *10 (S.D. Ohio Feb. 8, 2012), *report and recommendation adopted sub nom. Spencer v. Comm'r of Soc. Sec.*, No. 3:10CV365, 2012 WL 966053 (S.D. Ohio Mar. 21, 2012) (finding error where "[r]ather than evaluating [the testifying medical expert and the treating specialist's] opinions in light of the sudden, temporary, or fluctuating symptoms indicative of Meniere's disease, generally, and Plaintiff's episodic symptoms, and by failing to recognize that Plaintiff could have unpredictable, irregular—even longstanding—remissions, the ALJ improperly selected those portions of Plaintiff's medical record that supported a non-disability determination without considering that such evidence of improvement was consistent with [the testifying medical expert and the treating specialist's] opinions.").

In its final objection, the Commissioner argues that a remand this matter for an award of benefits is not proper because not all essential factual issues have been resolved. However, the Court finds no error in the Magistrate Judge's conclusion that the evidence strongly supports the conclusion that Plaintiff suffers from Meniere's disease with epidsodic and debilitating symptoms. Therefore, remand for payment of benefits under Sentence Four of 42 U.S.C. § 405(g) is warranted.

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's January 28, 2019 R&R (Doc. 22). Accordingly, the decision of the Commissioner is **REVERSED** and **REMANDED** to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for payment of benefits consistent with the Social Security Act. This matter is

terminated on the active docket of this Court.

**IT IS SO ORDERED.**

               *s/Michael R. Barrett*
               Michael R. Barrett, Judge
               United States District Court